BOGGS, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s opinion with respect to defendants Wise and Bowman. However, with respect to defendant Repp, I believe that our case law indicates that Mangum has shown sufficient facts to permit a reasonable jury to find that Repp was subjectively aware of the substantial risk Saxon posed to Mangum in the juvenile-corrections unit. Thus, I would reverse the district court’s grant of summary judgment as to Repp.
The majority relies upon an erroneous interpretation of our decision in Bishop v. Hackel, 636 F.3d 757 (6th Cir. 2011), where we held that summary judgment was not appropriate in an analogous prisoner sexual-assault case. The majority attempts to distinguish Bishop, noting that the defendant jn that case, in addition to regularly interacting with the prisoners in question, also testified that he knew that there had been many sexual predators on the unit and that other inmates had complained about sexual pressure. Proposed Op. at 540-41. As Repp was not similarly aware of such widespread problems in the juvenile-corrections unit in this case, the majority concludes that a reasonable jury could not find him to be subjectively aware of the specific threat Saxon posed to Man-gum.
But those observations in Bishop are plainly dicta. The court in that case had already concluded that a reasonable jury could find that the defendant was subjectively aware of the risk that the particular prisoner posed to the plaintiff “because of [Plaintiffs] status as a vulnerable inmate and [Perpetrator’s] status as a predatory inmate.” Bishop, 636 F.3d at 771. The facts that the Bishop court used to reach that conclusion are remarkably similar to the facts of the instant case: “(1) [Perpetrator] was four inches taller than [Plaintiff]; (2) [Perpetrator] was charged with various sex-based offenses; (3) [Plaintiff] was young, had a history of mental illness, appeared to be confused during his intake evaluation, and was thought to be mentally ‘slow.’ ” Id. at 767. As the majority notes in its opinion, “the facts indicate Repp knew Saxon was a sex offender, and Mangum was very young and very small in stature.” Proposed Op. at 540 (internal quotations omitted). Even more important, the facts alleged also indicate that another juvenile in the unit explicitly told Repp that Man-gum and Saxon were “doing something in the utility closet.” Ibid. And this was at a time that Repp was on duty at the unit podium, only a few steps from the utility closet, and yet he allegedly did nothing. [See R.58 at ID#1811, R.57 at ID#1565-67]. Repp denies having had such notice, but the juvenile’s statements, in sworn testimony at Saxon’s criminal trial, are more than sufficient to create a genuine issue of material fact on this point.
*544 Although it is true that “[i]t is not enough merely to find that a reasonable person would have known, or that the defendant should have known” that a prisoner was at risk to find Eighth Amendment liability, Farmer v. Brennan, 511 U.S. 825, 843 n.8, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), it is also true that “a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious" Id. at 842, 114 S.Ct. 1970 (emphasis added). The specific information allegedly conveyed to Repp at the very time and place that he could have intervened adds to the ability of a reasonable jury to find that the risk was indeed perceived and then disregarded. Therefore, I respectfully dissent.